UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

RAFAEL BEAN,

            Petitioner,                    Case No. 2:23-cv-214

v.                                           Honorable Maarten Vermaat

JEFF HOWARD,

            Respondent.
_____/

**OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.

---

[1] Petitioner's submissions to this Court were prepared by the Legal Writer program at the Baraga Correctional Facility. (Pet'r's Aff., ECF No. 1-2, PageID.84.)

Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely. Petitioner has already requested that relief by way of a motion to equitably toll the statute of limitations; however, the materials he has submitted to date do not support granting that relief.

Petitioner has filed a motion to reopen another habeas case, (ECF No. 5), which he claims was filed in this district. He also seeks the appointment of counsel. (ECF No. 7.) Those motions will be denied.

## Discussion

### I. Factual Allegations

Petitioner Rafael Bean is incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Following a multi-day jury trial in the Marquette County Circuit Court, Petitioner was convicted of indecent exposure by a sexually delinquent person, in violation of Mich. Comp. Laws § 750.335a. On April 19, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to indeterminate imprisonment from 1 day to life. That sentence, in turn, was to be served consecutively to sentences imposed in three other criminal prosecutions. Based on the dates of the various convictions, Petitioner has necessarily served all of the consecutive minimums and at least two of the consecutive maximums. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=253562 (last visited Nov. 13, 2023). The sentences Petitioner has yet to complete are for crimes he committed during his incarceration with the MDOC.

On November 3, 2023, the Court received Petitioner's habeas corpus petition. It was postmarked November 1, 2023. (ECF No. 1, PageID.64–65.) Petitioner signed the petition on

2

October 10, 2023. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The Court will give Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing, *inter alia*, *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

## II.  Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2020. Petitioner did not petition for certiorari to the United States Supreme Court. (ECF No. 1, PageID.2.) The one-year limitations period, however, did not begin to run until the period in which Petitioner could have sought review in the United States Supreme Court had expired.[2] *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The period expired on November 27, 2020.[3]

Petitioner had one year from November 27, 2020, until November 27, 2021, to file his habeas application.[4] November 27, 2021, was a Saturday; therefore, Petitioner's deadline would extend to Monday, November 29, 2021, the next day the federal courts were open.[5] Petitioner filed

---

[2] That period is typically 90 days. At the time the Michigan Supreme Court denied leave to appeal, however, the Supreme Court had extended the period to 150 days. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

[3] November 27, 2020, was the Friday after Thanksgiving. The United States Supreme Court calendar does not show that date as a holiday. *See* https://www.supremecourt.gov/oral_arguments/2020TermCourtCalendar.pdf (last visited Nov. 14, 2023).

[4] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. See *Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

[5] Rule 6(a), Federal Rules of Civil Procedure provides in pertinent part: "[i]n computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday . . ., in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. Fed. R. Civ. P. 6(a).

4

his application on November 3, 2023. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Petitioner reports that he filed a motion for relief from judgment in the Marquette County Circuit Court on July 5, 2021. (Pet'r's Aff., ECF No. 1-2, PageID.83.) The filing of that motion tolled the running of the statute while it was pending. The circuit court denied the motion on July 21, 2021. Order, *People v. Bean*, No. 17-55463-FH (Marquette Cnty. Cir. Ct. July 21, 2021), (ECF No. 1-3, PageID.86–88.) Petitioner sought leave to appeal that denial in the Michigan Court of Appeals and then the Michigan Supreme Court. Those courts denied leave by orders entered April 4, 2022, *People v. Bean*, No. 359559 (Mich. Ct. App. Apr. 4, 2022), and January 31, 2023, *People v. Bean*, 984 N.W.2d 203 (Mich. 2023), respectively.

After January 31, 2023, the statute of limitation commenced running again. The statute had run for 218 days before Petitioner filed his motion for relief from judgment; thus, 147 days remained. Those 147 days expired on Tuesday, June 27, 2023. Petitioner filed his petition several months too late. He acknowledges that fact. (Pet'r's Aff., ECF No. 1-2, PageID.84.)

But the one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See,*

5

*e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

> Petitioner claims that the Court should equitably toll the running of the statute because:
>
> Petitioner was transferred to this prison: Baraga Correctional Facility. **Petitioner's property was lost during this transfer. The Transfer officers, finally located Petitioner's property and delivered it to Petitioner.**

(Pet'r's Aff., ECF No. 1-2, PageID.83 (emphasis in original).)[6] The circumstances Petitioner describes might warrant tolling of the statute. The loss of Petitioner's property might serve as an extraordinary circumstance that stood in the way of timely filing despite Petitioner's diligent pursuit of his rights. But conspicuously absent from Petitioner's description is any indication of when he transferred to AMF, what property he lost, what efforts he made to recover the property, how the absence of the property impacted his ability to file a petition, or when he ultimately recovered his property. The facts that Petitioner has provided to date do not warrant equitable tolling.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S.

---

[6] Petitioner also states that he "filed for a Writ of Habeas Corpus within this Honorable Court, along with an *Informa Pauperis Request*. Both were granted and docketed as Case No. 2:18-cv-10253." (Pet'r's Aff., ECF No. 1-2, PageID.83.) Indeed, Petitioner has moved the Court to reopen those proceedings. (ECF No. 5.) Petitioner has not filed another habeas petition in this Court; there is no such case number in this Court. There is a case in the United States District Court for the Eastern District of Michigan with that case number; however, it was not filed by Petitioner. It was filed by prisoner Marvin Wilburn. Because there do not appear to be any earlier proceedings that Petitioner has filed, his motion to reopen proceedings (ECF No. 5) will be denied.

298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely, specifically sufficient facts—including relevant dates—to support his claim that he was unable to timely file his petition because his property was lost.

### III. Appointment of Counsel

Petitioner asks the Court to appoint counsel to represent him. (ECF No. 7.) As noted above, Petitioner is already assisted in these proceedings by the Legal Writer program.

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion for a court-appointed attorney (ECF No. 7) will therefore be denied. The Court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

## **Conclusion**

An order consistent with this opinion will be entered.

Dated:  November 20, 2023                              /s/ *Maarten Vermaat*
                                                       Maarten Vermaat
                                                       United States Magistrate Judge