UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

RAFEAL BEAN,

           Petitioner,           Case No. 2:23-cv-214

v.                                    Honorable Robert J. Jonker

JEFF HOWARD,

           Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concluded that the petition was barred by the one-year statute of limitations.

---

[1] Petitioner's submissions to this Court were prepared by the Legal Writer program at the Baraga Correctional Facility. (Pet'r's Aff., ECF No. 1-2, PageID.84.)

Nonetheless, the Court permitted Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely. Petitioner had already requested that his petition be considered timely by way of a motion to equitably toll the statute of limitations (ECF No. 3); however, the materials he had submitted at that time did not support granting that relief.

In response to the order to show cause, Petitioner has filed a second motion to equitably toll the period of limitation (ECF No. 14), along with a supporting brief and affidavit. Upon review of all of Plaintiff's submissions, the Court concludes that the petition is untimely and, therefore, Petitioner's motions for equitable tolling will be denied and the petition will be dismissed with prejudice.

## Discussion

### I.  Factual Allegations

Petitioner Rafael Bean is incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Following a multi-day jury trial in the Marquette County Circuit Court, Petitioner was convicted of indecent exposure by a sexually delinquent person, in violation of Mich. Comp. Laws § 750.335a. On April 19, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to indeterminate imprisonment from 1 day to life. That sentence, in turn, was to be served consecutively to sentences imposed in three other criminal prosecutions. Based on the dates of the various convictions, Petitioner has necessarily served all of the consecutive minimums and at least two of the consecutive maximums. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=253562

(last visited Feb. 4, 2024). The sentences Petitioner has yet to complete are for crimes he committed during his incarceration with the MDOC.

On November 3, 2023, the Court received Petitioner's habeas corpus petition. It was postmarked November 1, 2023. (ECF No. 1, PageID.64–65.) Petitioner signed the petition on October 10, 2023. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In the Court's opinion directing Petitioner to show cause, the Court gave Petitioner the benefit of the doubt with regard to the filing date under the authority of *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing, *inter alia*, *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials). The Court accepted the "signing" date as the date Petitioner filed the petition. Upon further examination of Petitioner's submissions, however, his proof of service indicates that he placed his petition in the mail on November 1, 2023. (ECF No. 8, PageID.216.) That is the date of filing under *Cook*.

## II.     Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2020. Petitioner did not petition for certiorari to the United States Supreme Court. (ECF No. 1, PageID.2.) The one-year limitations period, however, did not begin to run until the period in which Petitioner could have sought review in the United States Supreme Court had expired.[2] *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The period expired on November 27, 2020.[3]

---

[2] That period is typically 90 days. At the time the Michigan Supreme Court denied leave to appeal, however, the Supreme Court had extended the period to 150 days. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

[3] November 27, 2020, was the Friday after Thanksgiving. The United States Supreme Court calendar does not show that date as a holiday. *See* https://www.supremecourt.gov/oral_arguments/2020TermCourtCalendar.pdf (last visited Feb. 4, 2024).

4

Petitioner had one year from November 27, 2020, until November 27, 2021, to file his habeas application.[4] November 27, 2021, was a Saturday; therefore, Petitioner's deadline would extend to Monday, November 29, 2021, the next day the federal courts were open.[5] Petitioner filed his application on November 3, 2023. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Petitioner reports that he filed a motion for relief from judgment in the Marquette County Circuit Court on July 5, 2021. (Pet'r's Aff., ECF No. 1-2, PageID.83.) The filing of that motion tolled the running of the statute while it was pending. The circuit court denied the motion on July 21, 2021. Order, *People v. Bean*, No. 17-55463-FH (Marquette Cnty. Cir. Ct. July 21, 2021), (ECF No. 1-3, PageID.86–88.) Petitioner sought leave to appeal that denial in the Michigan Court of Appeals and then the Michigan Supreme Court. Those courts denied leave by orders entered April 4, 2022, *People v. Bean*, No. 359559 (Mich. Ct. App. Apr. 4, 2022), and January 31, 2023, *People v. Bean*, 984 N.W.2d 203 (Mich. 2023), respectively.

---

[4] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. See *Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

[5] Rule 6(a), Federal Rules of Civil Procedure provides in pertinent part: "[i]n computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday . . ., in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. Fed. R. Civ. P. 6(a).

After January 31, 2023, the statute of limitation commenced running again. The statute had run for 218 days before Petitioner filed his motion for relief from judgment; thus, 147 days remained. Those 147 days expired on Tuesday, June 27, 2023. Petitioner filed his petition several months too late. He acknowledges that fact. (Pet'r's Aff., ECF No. 1-2, PageID.84.)

But the one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner initially claimed that the Court should equitably toll the running of the statute because:

> Petitioner was transferred to this prison: Baraga Correctional Facility. **Petitioner's property was lost during this transfer. The Transfer officers, finally located Petitioner's property and delivered it to Petitioner.**

(Pet'r's Aff., ECF No. 1-2, PageID.83 (emphasis in original).)[6] In the opinion directing Petitioner to show cause, the Court noted that the circumstances Petitioner described might warrant tolling

---

[6] Petitioner's initial failure to provide the date that he arrived at AMF is understandable given that he calculated his deadline to fall in April of 2023, more than a month before he arrived at AMF. That makes his claim that he failed to timely file his petition because of the transfer particularly disingenuous. The argument survives only because of the additional 60-day period allowed for petitions for writ of certiorari during the pandemic. *See supra* note 2.

6

of the statute. The loss of Petitioner's property might serve as an extraordinary circumstance that stood in the way of timely filing despite Petitioner's diligent pursuit of his rights. But conspicuously absent from Petitioner's description was any indication of when he transferred to AMF, what property he lost, what efforts he made to recover the property, how the absence of the property impacted his ability to file a petition, or when he ultimately recovered his property. The scant facts that Petitioner provided did not warrant equitable tolling.

Because the Supreme Court requires district courts to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds, s*ee Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020), the Court allowed Petitioner 28 days to show cause why the petition should not be dismissed as untimely, specifically sufficient facts—including relevant dates—to support his claim that he was unable to timely file his petition because his property was lost.

Petitioner plainly understood the information that might show that Petitioner was unable to timely file his petition. He repeats the list of potentially relevant information the Court identified—"when he was transferred to AMF; what property he lost; what efforts he made to recover the property; how the absence of his property impacted his ability to file a petition; [and] when he ultimately recovered his property"—and then essentially ignores the list. (Mot., ECF No. 14, PageID.234.) He provides one date, the date he arrived at AMF, June 1, 2023. (*Id*., PageID.235.) He reports that once he arrived he contacted the legal writer program. (*Id*.) The program provided Petitioner the motion for tolling on September 14, 2023. (*Id*.) Then Petitioner waited almost two months to file it. Because Petitioner has not provided any facts to support his claim of diligent pursuit—either before or after the transfer—and because Petitioner has not provided any facts to permit the Court to determine when he was prevented from filing his petition

7

and for how long, the Court concludes that Petitioner is not entitled to equitable tolling. Accordingly, Petitioner's motions for equitable tolling will be denied and the petition will be dismissed as untimely.[7]

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

---

[7] Equitable tolling is not typically the last step in the timeliness analysis. Prisoners who demonstrate their "actual innocence" can avoid the timeliness bar. Although Petitioner did not initially contend that he was actually innocent, the Court evaluated and rejected such a claim in the opinion directing Petitioner to show cause. (Op., ECF No. 11, PageID.227—228.) Petitioner did not raise "actual innocence" as a ground to excuse the tardiness of his petition in his response to the order to show cause.

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is months late. Petitioner does not contest the Court's recounting of the procedural history and the relevant time periods. Petitioner's only contention is that his transfer prevented him from filing the petition. Petitioner has provided no facts to support that claim. Therefore, a certificate of appealability will be denied. Nonetheless, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

An order and judgment consistent with this opinion will be entered.

Dated:     February 15, 2024                    /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge